IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAM MEDLIN | § | |
| | § | |
| VS. | § | NO. ____________________ |
| | § | |
| STATE BAR OF TEXAS, | § | |
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE and | § | |
| LINDA A. ACEVEDO | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

**PARTIES:**

1. Plaintiff is Charles William Medlin. He is a resident citizen of Houston, Texas and an attorney licensed to practice law in the State of Texas (S.B.O.T. #13895900)

2. Defendant, the State Bar of Texas, is an agency of the judiciary under the administrative control of the Texas Supreme Court. The Texas Bar is responsible for assisting the Texas Supreme Court in overseeing all attorneys licensed to practice law in Texas. It may be served with process in this case by serving its Chief Disciplinary Counsel, Linda A. Acevedo.

3. Defendant, the Commission for Lawyer Discipline, is a standing committee of the State Bar of Texas and serves as the client in the Texas attorney discipline system. The Commission provides oversight to the Chief Disciplinary

Counsel ("CDC") and administers the attorney discipline system.  It may be served with process in this case by serving its Chief Disciplinary Counsel, Linda A. Acevedo.

4.     Defendant, Linda A. Acevedo is the Chief Disciplinary Counsel for the State Bar of Texas.  She may be served with process in this case by serving her at her place of employment, State Bar of Texas, P.O. Box 12487 Austin, Texas 78711-2487.

**JURISDICTION AND VENUE:**

5.     This case arises from a violation of Plaintiff's constitutional rights and from a violation of federal law (42 U.S.C. § 1983).  Therefore, this Court has jurisdiction under US Const., Art. III, Sec 2 and 28 U.S.C. §1331.  Plaintiff is seeking declaratory and injunctive relief.

6.     Venue is proper in this District because Defendants have filed suit against Plaintiff in Harris County.  This suit seeks to enjoin that suit.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**CONDITIONS PRECEDENT:**

7.     All conditions precedent have occurred or been performed.

**FACTS:**

8.     In 1968, relying solely on the record in state court, and in order to ascertain whether attorney John Ruffalo, Jr. had been accorded due process, the Supreme Court determined that "Disbarment, designed to protect the public, is a

punishment or penalty imposed on the lawyer."[1] And the attorney is entitled to procedural due process.[2] The Supreme Court went on to hold that "These are adversary proceedings of a **quasi-criminal nature**."[3] The Supreme Court determined that Mr. Ruffalo had been denied Due Process in his disbarment proceedings. Because the Due Process that Mr. Ruffalo was not afforded was in the state court proceedings, it was Fourteenth Amendment Due Process.

9. However, the Supreme Court did not address the burden of proof to be used in disbarment proceedings. But the Supreme Court has addressed the burden of proof on many other occasions.[4] As observed by the Court regarding burdens of proof: "Generally speaking, the evolution of this area of the law has produced across a continuum three standards or levels of proof for different types of cases. At one end of the spectrum is the typical civil case involving a monetary dispute between private parties. Since society has a minimal concern with the outcome of such private suits, the plaintiff's burden of proof in such suits is a mere preponderance of the evidence. The litigants thus share the risk of error in roughly equal fashion."[5] But a disbarment proceeding is not a simple monetary dispute. It involves fundamental and

---

1 *See*, ***In re Ruffalo***, 390 U.S. 544, 550 (1968).

2 *Id.*

3 ***Ruffalo***, 390 U.S. at 551 [emphasis supplied].

4 *See, e.g.*, ***In re Winship***, 397 U.S. 358, 370 (1970) (Harlan, J., concurring).

5 ***Addington v. Texas***, 441 U.S. 418, 423 (1978).

substantial constitutionally-protected property interests — the lawyer's professional license and his reputation. Separate and apart from the holding in ***Ruffalo***, it cannot be a simple civil proceeding.

10. Against the backdrop of the burden of proof to be used, every Federal Circuit that has addressed the issue, especially since ***Ruffalo***, has determined both that the proceedings to disbar an attorney are quasi-criminal or that the burden of proof is by clear and convincing evidence.[6]

11. The Supreme Courts of thirty-nine other states have also recognized that disbarment proceedings are quasi-criminal in nature or that the burden of proof is clear and convincing, even if the proceedings are characterized as civil. These thirty-nine states require proof by clear-and-convincing evidence in order to disbar an attorney: Alabama,[7] Alaska, [8] Arizona,[9] Arkansas,[10] California,[11] Colorado,[12]

---

6 *See, e.g.,* ***In re Thalheim***, 853 F.2d 383, 388 n.9 (5TH Cir. 1988); ***In re Medrano***, 956 F.2d 101 (5TH Cir. 1992); ***In re Fisher***, 179 F.2d 361, 369 (7TH Cir. 1950); ***In re Liotti***, 667 F.3d 419 (4TH Cir. 2011); ***In re Fleck***, 419 F.2d 1040 (6TH Cir. 1969); ***Matter of Abrams***, 521 F.2d 1094 (3RD Cir. 1975); ***Goodrich v. Supreme Court of State of S.D.***, 511 F.2d 316 (8TH Cir. 1975).

7 ***Hunt v. Disciplinary Bd. of Alabama State Bar***, 381 So.2d 52 (Ala. 1980).

8 ***In re Ivy***, 374 P.3d 374 (AK 2016).

9 ***In re Varbel***, 182 Ariz. 451, 897 P.2d 1337 (1995).

10 ***Ligon v. Stilley***, 2010 Ark. 418, 371 S.W.3d 615 (2010).

11 ***Kapelus v. State Bar of California***, 745 P.2d 917 (Cal. 1988).

12 ***People v. Radinsky***, 182 Colo. 259, 512 P.2d 627 (1973).

Connecticut,[13] Delaware,[14] Florida,[15] Georgia,[16] Hawaii,[17] Idaho,[18] Illinois,[19] Indiana,[20] Iowa,[21] Kansas,[22] Louisiana,[23] Michigan,[24] Minnesota,[25] Mississippi,[26] Missouri,[27] Montana,[28] Nebraska,[29] Nevada,[30] New Hampshire,[31] New Jersey,[32] New Mexico,[33]

---

13 ***Statewide Grievance Committee v. Friedland***, 222 Conn. 131, 609 A.2d 645 (1993).

14 ***In re Davis***, 43 A.3d 856 (Del. 2012).

15 ***Florida Bar v. Simring***, 612 So.2d 561 (Fla. 1993).

16 ***In re Ballew***, 287 Ga. 371, 695 S.E.2d 573 (2010).

17 ***Office of Disciplinary Counsel v. Au***, 107 Hawaii 327, 113 P.3d 203 (2005).

18 ***In re Pangburn***, 154 Idaho 233, 296 P.3d 1080 (2013).

19 ***In re Gerard,*** 132 Ill.2d 507, 548 N.E.2d 1051 (1989).

20 ***Matter of Neary***, 84 N.E.3d 1194 (Ind. 2017).

21 ***Iowa Supreme Court Disciplinary Bd. v. Bieber***, 824 N.W.2d 514, 518 (Iowa 2012) (convincing preponderance).

22 ***In re Wiles***, 289 Kan. 201, 210 P.3d 613 (2009).

23 ***In re Richard***, 826 So.2d 542 (La. 2002).

24 ***In re Mills***, 1 Mich. 392, 1850 WL 3353 (1850).

25 ***In re Disciplinary Action against Bonner***, 896 N.W.2d 98 (2017).

26 ***The Mississippi Bar v. Collins,*** 119 So.3d 1039 (Miss. 2013).

27 ***In re Richards***, 333 Mo. 907, 63 S.W.2d 672 (1933).

28 ***In re Keast***, 159 Mont. 311, 497 P.2d 103 (1972).

29 ***State ex rel Counsel for Discipline of the Nebraska Supreme Court v. Rokahar***, 267 Neb. 436, 675 N.W.2d 117 (2017).

30 ***In re Discipline of Drakulich***, 111 Nev. 1556, 908 P.2d 709 (1995).

31 ***In re Young's Case***, 154 N.H. 359, 913 A.2d 727 (2006).

32 ***In re Perez***, 104 N.J. 316, 517 A.2d 123 (1986).

33 ***In re Meeker***, 76 N.M. 354, 414 P.2d 862 (1966).

North Carolina,[34] North Dakota,[35] Ohio,[36] Oklahoma,[37] Oregon,[38] Pennsylvania,[39] Rhode Island,[40] South Carolina,[41] Vermont,[42] Washington,[43] West Virginia,[44] and Wyoming.[45]

12. But not Texas or the Defendants. The Supreme Court of Texas remains intransigent, unrepentant and defiant, standing virtually alone in refusing to abide by the Supreme Court's holdings in ***Ruffalo.*** In 1989, the Texas Supreme Court determined that disbarment proceedings are civil.[46] And, in 1991, the Texas Supreme Court promulgated Rule 3.08(A) and (C), Texas Rules of Disciplinary Procedure,

---

[34] ***North Carolina State Bar v. Talford***, 356 N.C. 626, 576 S.E.2d 305 (2003).

[35] ***Disciplinary Board v. Amundson***, 297 N.W.2d 433 (N.D. 1980).

[36] ***Cleveland Metro. Bar Assn. v. Brown***, 143 Ohio St.3d 333, 37 N.E.3d 1199 (2015).

[37] ***State ex rel. Oklahoma Bar Assn. v. Mayes***, 66 P.3d 398 (Okla. 2003).

[38] ***In re Leonhardt***, 324 Or. 498, 930 P.2d 844 (1997).

[39] ***In re Shigon***, 462 Pa. 1, 329 A.2d 235 (1974).

[40] ***Carter v. Folcarelli***, 121 R.I. 667, 402 A.2d 1175 (1979).

[41] ***In re Thompson***, 343 S.C. 1, 539 S.E.2d 396 (2000).

[42] ***In re Sinnott***, 2005 VT 109, 891 A.2d 896 (2005).

[43] ***In re Disciplinary Proceeding Against Allotta***, 109 Wash.2d 787, 748 P.2d 628 (1988).

[44] ***Lawyer Disciplinary Bd. v. Stanton***, 233 W.Va. 639, 760 S.E.2d 453 (2014).

[45] ***Meyer v. Norman***, 780 P.2d 283 (Wyo. 1989).

[46] ***State Bar of Texas v. Evans***, 774 S.W.2d 656, 657 n.1 (Tex. 1989) ("At several points in its opinion the court of appeals states that disciplinary actions are 'quasi-criminal in nature.' Clear Texas authority is that disciplinary proceedings are civil in nature.... Thus, we disapprove of these statements by the court of appeals.").

which provide that disciplinary actions are civil in nature and that they must only be proven by a preponderance.

13.     Every Texas Court of Appeals that has addressed the issue has held that the disbarment proceedings are civil and that the burden of proof is only by a preponderance.[47]

14.     The Texas Supreme Court's refusal to abide by the Supreme Court's holdings in ***Ruffalo*** continues even when presented with every possible opportunity to correct the error of its ways in prior proceedings brought to it, as evidenced by the disbarment proceedings against Jesus E. Tirrez.

15.     On or about December 1, 2014, the Defendants sued Jesus E. Tirrez, S.B.O.T. #20076750, for disbarment, in Cause No. D-1-GN-0049887, in the 419TH Judicial District of Travis County, Texas.

16.     Mr. Tirrez counterclaimed against the CFLD and sued Defendant Acevedo under the Uniform Declaratory Judgment Act and 42 U.S.C. § 1983, to have Rule 3.08(A) and (C), Texas Rules of Disciplinary Procedure, declared unconstitutional as depriving him of Due Process and Equal Protection.  Tirrez

---

[47]     *See, e.g.*, ***Curtis v. Commission for Lawyer Discipline***, 20 S.W.3d 227, 230 n.1 (Tex. App.–Houston [14[TH] Dist.] 2000, no pet.) (rejecting argument that Texas disciplinary proceedings are subject to clear-and-convincing burden of proof); ***Favaloro v. Commission for Lawyer Discipline***, 994 S.W.2d 815, 822 (Tex. App.–Dallas 1999, pet. struck) (rejecting argument that Texas disciplinary proceedings are quasi-criminal); ***McInnis v. State***, 618 S.W.2d 389, 395, 397 (Tex. Civ. App.–Beaumont 1981, writ ref'd n.r.e.) (rejecting arguments that Texas disciplinary proceedings are quasi-criminal and that trial court erred by employing preponderance-of-evidence burden of proof); ***Drake v. State***, 488 S.W.2d 534, 536 (Tex. Civ. App.–Dallas 1972, writ ref'd n.r.e.) (rejecting argument that Texas disciplinary proceedings are quasi-criminal pursuant to *Ruffalo* and that preponderance-of-evidence burden of proof is improper).

counterclaimed for a declaratory judgment that the proceeding is quasi-criminal and not civil and that, accordingly, the burden of proof is clear and convincing, not a preponderance. To the extent that the Government Code characterizes these proceedings as civil and the burden of proof as a preponderance of the evidence, Rules of Disciplinary Procedure, Title 2, Subt. G, App. A-1, Rule 3.08A and C, Tirrez sued for a declaratory judgment that same is unconstitutional. More specifically, pursuant to 42 U.S.C. § 1983, Tirrez sued Acevedo, for a declaratory judgment that his disbarment proceeding is quasi-criminal and not civil and that, accordingly, the burden of proof is clear and convincing, not a preponderance; that the statutory scheme for attorney discipline is unconstitutional to the extent that same is considered civil and not quasi-criminal and to the extent that the burden of proof is anything less than clear and convincing; and Tirrez sued, to the extent that the Government Code characterizes these proceedings as civil and the burden of proof as a preponderance of the evidence, Rules of Disciplinary Procedure, Title 2, Subt. G, App. A-1, Rule 3.08A and C, Tirrez sued her for a declaratory judgment that same is unconstitutional.

17. The CFLD and Acevedo filed a Rule 91, TEX. R. CIV. P., motion to dismiss Tirrez's counterclaim and third party action. This motion was granted.

18. Tirrez was subsequently found to have violated the Disciplinary Rules, with punishment being assessed at two years suspension, with the first 3 months active and the remainder probated. Tirrez appealed to the Austin Court of Appeals

and specifically challenged the granting of the Rule 91 motion to dismiss and whether Rules of Disciplinary Procedure, Title 2, Subt. G, App. A-1, Rule 3.08A and C, are unconstitutional.

19.     The Austin Court of Appeals affirmed, specifically holding that the disbarment proceedings were civil and that the burden of proof was only by a preponderance. *See* ***Tirrez v. Commission for Lawyer Discipline***, Docket No. 03–16–00318–CV, 2018 WL 454723 (January 12, 2018, Memorandum Opinion, not designated for publication).  The Texas Supreme Court denied Tirrez's Petition for Review without written opinion.  And the Supreme Court of the United States refused Tirrez's Petition for Writ of Certiorari.

20.     The Defendants have given notice that they intend to sue Plaintiff, seeking to disbar him.  Those documents are attached hereto and incorporated by reference for all intents and purposes as though set forth herein verbatim. As of this filing, suit has not yet been filed.

**FIRST CAUSE OF ACTION:**

21.     Plaintiff incorporates the allegations of ¶¶ 8 – 20 in support of this Cause of Action, as though those paragraphs were fully set forth herein verbatim.

22.     As the Defendants and the Texas courts refuse to recognize, conform to or apply the Supreme Court's holding in ***Ruffalo***, that disbarment proceedings are quasi-criminal proceedings, the Defendants deny the Plaintiff Due Process and the Equal Protection of law. Having been given the opportunity in ***Tirrez*** to conform the

statutes to the holdings in ***Ruffalo***, there is little likelihood that the Texas courts will voluntarily conform to those holdings. And since there is no difference between a disbarment proceeding in Ohio State Court and the one threatened here, Plaintiff is likely to prevail on final trial.

23.    Because the Defendants refuse to characterize the proceedings as quasi-criminal, for which the burden of proof is clear-and-convincing, and because the Texas appellate courts refuse to abide by the holding in ***Ruffalo***, Plaintiff will suffer irreparable injury, for which there is no adequate remedy at law, if the Defendants are allowed to proceed with the disbarment suit against him, characterizing the suit as civil (instead of quasi-criminal) and using only a preponderance burden of proof (instead of clear and convincing).

24.    Pursuant to the provisions of 42 U.S.C. § 1983, Plaintiff sues the Defendants for a temporary injunction to enjoin them from going forward with filing or the prosecution of a disbarment suit against Plaintiff, unless and until the Defendants shall agree that the proceedings are quasi-criminal and that the burden of proof is clear-and-convincing. Plaintiff requests that, upon final trial, the Defendants be permanently prohibited from filing or prosecuting a disbarment suit against Plaintiff, unless and until the Defendants shall agree that the proceedings are quasi-criminal and that the burden of proof is clear-and-convincing. Alternatively, Plaintiff requests the Court to issue a mandatory injunction requiring the Defendants to proceed on their disbarment suit against Plaintiff only as a quasi-criminal matter,

one with a clear-and-convincing burden of proof.

25.    Pursuant to the provisions of 42 U.S.C. § 1983, Plaintiff sues the Defendants for a declaratory judgment that Rules of Disciplinary Procedure, Title 2, Subt. G, App. A-1, Rule 3.08A and C, are unconstitutional as depriving Plaintiff of Due Process of Law and Equal Protection of the law, under the Fourteenth Amendment.

26.    Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff sues the Defendants for reasonable attorney's fees and costs for having to bring this action.

**RULE 3.08 NOTICE**

27.    Pursuant to the provisions of Rule 3.08(a)(5), TEX. DIS. R. PROF. COND., undersigned counsel gives notice that he expects to testify in this matter and that disqualification of counsel would work a substantial hardship on the client.

**CONCLUSION AND PRAYER:**

28.    Plaintiff will suffer and irreparable injury, for which he has no adequate remedy at law, if the Defendants are allowed to file suit (or to continue suit)  to disbar him if the proceedings are characterized as civil and the burden of proof is only by a preponderance.

29.    Plaintiff asks the Court to set Plaintiff's Application for Temporary Injunction for hearing, at the earliest practicable date. Plaintiff prays that, upon hearing,  the Court determine that disbarment suits are adversary proceedings of a quasi-criminal  nature  requiring  a  clear-and-convincing  burden  of  proof  and

enjoining Defendants from suing or continuing a suit to disbar Plaintiff unless and until they shall recognize that the proceedings are quasi-criminal, having a clear-and-convincing burden of proof. This injunction should be made permanent upon final trial.

30. This Court should declare Rule 3.08(A) and (C), Texas Rules of Disciplinary Procedure unconstitutional.

31. Upon final trial, this Court should award Plaintiff and his counsel reasonable attorney's fees and costs, as allowed by 42 U.S.C. § 1988.

32. This Court should award Plaintiff general relief.

Respectfully submitted,

/s/ Leonard Thomas Bradt
Leonard Thomas Bradt S.D.#4272
S.B.O.T. #02841600
14090 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

Attorney for Plaintiff,
Charles William Medlin

**UNSWORN DECLARATION UNDER PENALTIES OF PERJURY**

Under 28 U.S.C. § 1746 and Texas Civil Practice and Remedies Code § 132.001 et seq., I declare under penalties of perjury that my name is Leonard Thomas Bradt. I am also known as L.T. "Butch" Bradt. I am over the age of 18 years, and am competent to make this declaration. My date of birth is January 23, 1952. My

address is 14090 Southwest Freeway, Suite 300  Sugar Land, Texas 77478.  This document is not a lien required to be filed with a county clerk, an instrument concerning real or personal property required to be filed with a county clerk, or an oath of office or an oath required to be taken before a specified official other than a notary public.  I have not been forced to sign this declaration.

I declare under the penalties of perjury that the documents that are attached hereto are true and correct copies of the documents received from the Defendants reflecting their intention to sue the Plaintiff for disbarment.

I further under the penalties of perjury that I was the attorney of record for Jesus E. Tirrez in the proceedings referred to above in the District Court of Travis County, in the Third Court of Appeals in Austin, in the Petition for Review filed with the Supreme Court of Texas and in the Petition for Writ of Certiorari to the Supreme Court of the United States.  The recitation of events is an accurate summary of the events that transpired and the position taken by the Defendants.

Signed in Houston, Texas on November 16, 2018.


/s/ L.T. "Butch" Bradt
L.T. "Butch" Bradt