IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAM MEDLIN | § | |
| | § | |
| VS. | § | NO. 4:18-cv-04360 |
| | § | |
| STATE BAR OF TEXAS, | § | |
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE  and | § | |
| LINDA A. ACEVEDO | § | |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to the provisions of Rule 26, FED. R. CIV. P., Plaintiff makes these, his

Initial Disclosures:

The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:** Plaintiff, Charles William Medlin c/o his attorney, L.T. Bradt.  The subject of his information is that he is an attorney at law, licensed to practice in the State of Texas, who has received notice that the Defendants will be suing him for disbarment.

Plaintiff's counsel, L.T. Bradt 14090 Southwest Freeway, Suite 300 Sugar Land, Texas 77478. (281) 201-0700.  The subject of his information is that he was the attorney of record for Jesus E. Tirrez in the District Court in Travis County, on the appeal to the Austin Court of Appeals, on the Petition for Review to the Supreme Court of Texas and the Petition for Writ of Certiorari to the United States Supreme Court.   He is familiar with the positions taken by the defendants in those proceedings.

A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its

1

possession, custody, or control and may use to support its claims or defenses.

**RESPONSE:** All pleadings by the defendants in the CFLD vs. Jesus Tirrez case in the Travis County District Court and at the Austin Court of Appeals, together with the opinion of the Austin Court of Appeals on Tirrez's appeal. Defendants are also in possession of those documents.

A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:** Not applicable.

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** Not applicable.

**DISCLOSURE OF EXPERT TESTIMONY:**

Plaintiff will not use any witness at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

The only issue on which Plaintiff will present expert testimony is on the issue of attorney's fees under 42 U.S.C. § 1988, if Plaintiff prevails.

Respectfully submitted,

/s/ Leonard Thomas Bradt
Leonard Thomas Bradt S.D.#4272
14090 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net
Attorney for Plaintiff,
Charles William Medlin

2