UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHARLES WILLIAM MEDLIN,** | § | |
| | § | |
| **v.** | § | |
| | § | Civil Action No. 4:18-cv-04360 |
| **STATE BAR OF TEXAS,** | § | |
| **COMMISSION FOR LAWYER DISCIPLINE,** | § | |
| **and LINDA A. ACEVEDO** | § | |

**DEFENDANTS STATE BAR OF TEXAS, COMMISSION FOR LAWYER DISCIPLINE, AND LINDA A. ACEVEDO'S MOTION TO DISMISS**

1. Defendants, the State Bar of Texas, the Commission for Lawyer Discipline, and Linda A. Acevedo move to dismiss this case for want of subject-matter jurisdiction under Fed.R.Civ.P. Rule 12(b)(1) or, alternatively, for failure to state a claim on which relief can be granted under Fed.R.Civ.P. Rule 12(b)(6). Dismissal is sought because this Honorable Court should abstain from considering both the injunctive and declaratory actions, and because Plaintiff's claims have no basis in law.

**FACTS**

2. On April 23, 2018, Robert Vance Medlin filed a grievance against Plaintiff Charles William Medlin,[1] a Texas attorney, alleging violations of the Texas Disciplinary Rules of Professional Conduct.

---

[1] References to "Medlin" will refer to the Plaintiff in this case, Charles William Medlin.

3.      After an investigation of the grievance, the Office of the Chief Disciplinary Counsel notified Medlin of its "Just Cause" finding and gave Medlin the option to have the matter heard in state district court, or before the Grievance Committee. Medlin elected district court.

4.      On October 30, 2018, the Office of the Chief Disciplinary Counsel forwarded its *Original Disciplinary Petition and Requests for Disclosure* to the Supreme Court of Texas to await judicial assignment.[2] To date, a judge has not yet been appointed and the case has not been filed in state district court.

5.      Texas attorney discipline actions are governed by Part III of the Texas Rules of Disciplinary Procedure. Rule 3.08A states that "Disciplinary Actions are civil in nature," and Rule 3.08C states that "Disciplinary Actions must be proved by a preponderance of the evidence."

6.      On November 19, 2018, Medlin filed this lawsuit seeking injunctive relief prohibiting defendants from "filing" or "prosecuting" the disciplinary action against him under Rules 3.08A and 3.08C.

7.      In this lawsuit, Medlin also seeks a declaratory judgment that Rules 3.08A and 3.08C are unconstitutional.

## ARGUMENT

**A.    The Eleventh Amendment bars Medlin's claims against the State Bar of Texas and the Commission for Lawyer Discipline.**

8.      The State Bar of Texas and the Commission for Lawyer Discipline are entitled to Eleventh Amendment Immunity. "The Judicial Power of the United States shall not be construed to extend

---

[2] Although Medlin refers to this petition as the "disbarment suit," a public reprimand, probated suspension, or active suspension are also available sanctions in the event a finding of Professional Misconduct is made. Tex. Rules Disciplinary P. 3.10, 1.06Z.

to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State." U.S. CONST. amend. XI.

9.     The Supreme Court has long interpreted the Eleventh Amendment as barring suits by a citizen against another state *and* suits by a citizen against his own state. *Hans v. Louisiana*, 134 U.S. 1 (1890). In general, the Eleventh Amendment leaves federal courts without jurisdiction to entertain suits directed against states. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1087 (5th Cir. 1994). "[T]he Eleventh Amendment by its terms clearly applies to a suit seeking an injunction." *Cory v. White*, 457 U.S. 85, 91 (1982). The immunity provided by the Eleventh Amendment may be waived only by an express, unambiguous declaration of waiver. *Welch v. Tex. Dep't of Highways and Public Transp.*, 483 U.S. 468, 473-474 (1987); *Hans*, 134 U.S. at 16-17.

10.    In this case, Medlin sues the State Bar of Texas, an agency of the State of Texas, which is entitled to the immunity provided by the Eleventh Amendment, as well as the Commission for Lawyer Discipline, which is a committee of the State Bar and, therefore, entitled to the same immunity.[3] *Green*, 27 F.3d at 1087; *Krempp v. Dobbs*, 775 F.2d 1319, 1321 (5th Cir. 1985). When considering the issue, the Fifth Circuit has concluded that the State Bar and its committees and divisions are state agencies for purposes of Eleventh Amendment immunity. *Bishop v. State Bar of Texas*, 791 F.2d 435 (5th Cir. 1986); *Hensler v. Dist. Four Grievance Comm. of the State Bar of Tex.*, 790 F.2d 390 (5th Cir. 1986); *Gilbert v. Perry*, 302 F. App'x 320 (5th Cir. 2008) (per curiam).

11.    Because these defendants are protected by the Eleventh Amendment, Medlin's claims could succeed only if there existed an unambiguous express waiver of immunity. He can identify

---

[3] The State Bar is an agency of the Texas judicial department. TEX. GOV'T CODE ANN. § 81.011(a) (West 2017). The Commission for Lawyer Discipline is a standing committee of the State Bar. TEX. GOV'T CODE ANN. § 81.076(b) (West 2017).

no such waiver. This Court should therefore dismiss Medlin's claims against the State Bar of Texas and the Commission for Lawyer Discipline for want of jurisdiction pursuant to the Eleventh Amendment.

**B.    Challenges to ongoing state disciplinary proceedings are barred under the *Younger* abstention doctrine.**

12.    Based on authority from the United States Supreme Court and the Fifth Circuit, the *Younger* abstention doctrine precludes Medlin's suit. There is historically clear federal policy that attorney disciplinary proceedings are of such a judicial nature, brought for the vital state interest of regulating the state courts and state judicial process, that federal courts should not intervene. *See Middlesex County Ethics Committee v Garden State Bar Assoc.*, 457 U.S. 423 (1982),

13.    In *Middlesex*, the Supreme Court applied the doctrine of jurisdictional abstention it had articulated previously in *Younger v. Harris*, 401 U.S. 37 (1971). The overarching focus of the analysis is comity between the state and federal governments and the recognition of the state interests involved. "Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system," such as the bar disciplinary proceedings in that case, "also evidence the state's substantial interest in the litigation." *Middlesex* at 432.

14.    In such matters, the Court held abstention from exercising jurisdiction is appropriate to avoid interference in state judicial proceedings, even when an issue of constitutional import has been raised. In the Court's three-part analysis, they tested: a) Whether the state bar proceedings constituted an ongoing judicial proceeding; b) Whether the proceedings implicated important state interests; and c) whether there would be a chance to raise constitutional questions in the state proceeding. *Middlesex* at 432.

15.    The *Younger* abstention doctrine, and its interpretation in *Middlesex*, has been directly applied in Texas. In *Wightman v Texas Supreme Court*, 84 F.3d 188 (5th Cir. 1996), the Fifth

Circuit affirmed abstention in a disciplinary proceeding which the respondent had tried to enjoin in federal court. "It is now well recognized that attorney disciplinary proceedings are among those judicial proceedings invested with sufficiently important state interest to warrant deference under *Younger*." *Wightman*, 84 F.3d at 189-190. The Fifth Circuit recently mentioned attorney discipline as a type of case where *Younger* applies, affirming that *Wightman* and *Middlesex* remain good law. *Morris v. Robinson*, 710 Fed. App'x. 238, 240 (5th Cir. 2018).

16. The first two criteria are satisfied and essentially undisputed in this case. Medlin's allegations center on the third requirement—whether Medlin has an adequate opportunity in the state proceedings to raise his federal constitutional challenges.

17. The attorney being prosecuted for professional misconduct in *Wightman* sought to enjoin the state disciplinary proceedings while he questioned the constitutionality of the bar disciplinary rule applied to him. The court found that the Texas disciplinary process affords opportunities to present constitutional claims throughout the trial and appeal process. "We conclude, as we have in the past, that the Texas scheme for disciplining attorneys is fully capable of considering the constitutional arguments of attorney-defendants." *Wightman* at 180. Like the attorney in *Wightman*, Medlin has failed to demonstrate that he lacks an adequate opportunity to raise his claims in the state courts. The state district court, the First or the Fourteenth Court of Appeals, and the Texas Supreme Court are competent bodies for analyzing Medlin's constitutional challenges.

18. Medlin argues that because similar constitutional arguments were rejected in proceedings involving another Texas attorney, Jesus E. Tirrez, federal court intervention is now appropriate in Medlin's disciplinary proceeding. Setting aside the fact that the *Tirrez* case has no bearing on Medlin's current *opportunity* to raise his claims in the state courts, it is important to note that

5

*Younger* is not a requirement to exhaust state remedies. *Younger* does not permit a litigant to go to federal court after exhausting state court opportunities; it considers only whether there is an adequate opportunity to raise the constitutional claims in the state proceedings. Where such an opportunity exists, principles of comity require federal courts to abstain. To the extent this lawsuit seeks to attack the state courts' rulings in the *Tirrez* proceedings, when constitutional claims have been decided by the state court, additional principles of comity and abstention doctrines preclude federal district courts from considering those same claims on collateral attack, as explained in *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5th Cir. 1994) and *Musslewhite v. State Bar of Texas,* 32 F.3d 942, 945 (5th Cir. 1994) (cert. denied, 515 U.S. 1103 (1995)).

19. Accordingly, Medlin has failed to demonstrate that he lacks an adequate opportunity to raise his claims in the state courts. The state district court, the First or the Fourteenth Court of Appeals, and the Texas Supreme Court are competent bodies for analyzing Medlin's constitutional challenges. Should they reject his arguments, Medlin can raise his arguments with the United States Supreme Court. Medlin's position fails to acknowledge that even if Texas Courts disagree with his position, he can raise his Constitutional arguments in the United States Supreme Court. The fact that the United Supreme Court has repeatedly refused to adopt the position argued, does not mean he does not mean he will not have the opportunity to raise these arguments.

20. Because Medlin has such opportunity—regardless of his ultimate chance of success—this Honorable Court must abstain.[4]

---

[4] Medlin has not alleged bad faith, harassment, or other exceptional circumstances that would dictate to the contrary.

**C.  Medlin's complaint fails to state a claim.**

21. Medlin's claim is predicated on a legal position that has been repeatedly raised and rejected by Texas and Federal Courts and fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Medlin claims due process requires that all attorney discipline proceedings must proceed under a "clear and convincing" standard of proof as opposed to a preponderance standard. Courts have consistently reject this argument.

22. The United States Supreme Court has repeatedly rejected invitations to hold that attorney discipline proceedings and other proceedings regarding professional licenses must be conducted under a "clear and convincing" standard to satisfy due process. Defendants have identified at least eight cases—including three from Texas—in which litigants sought review by the Supreme Court arguing that a disciplinary case involving a professional license must be heard under a clear and convincing standard to satisfy due process.[5] The Supreme Court has denied the petition for writ of certiorari in every instance. If due process required a clear and convincing standard in cases regarding lawyer discipline or professional licenses, the Supreme Court would have so held in the numerous times this issue has been raised over multiple decades.

---

[5] *See Tsirelman v. Daines*, 794 F.3d 310, 316 (2d Cir. 2015) (cert. denied, 136 S. Ct. 811 (2016)); *In re Kerlinsky*, 428 Mass. 656, 664 n.10 (1999) (cert. denied, 526 U.S. 1160 (1999)); *Walwyn v. Bd. of Prof'l Responsibility of the Supreme Court of Tennessee*, 481 S.W.3d 151, 170 (Tenn. 2015) (cert. denied 136 S. Ct. 1676 (2016)); *Matter of Friedman*, 196 A.D.2d 280, 295 (1994) (cert. denied 513 U.S. 820 (1994)); *Disciplinary Matter Involving Walton*, 676 P.2d 1078, 1084 (Alaska 1983) (dismissed 469 U.S. 801 (1984)); *Tirrez v. Comm'n for Lawyer Discipline*, 2018 WL 454723, at *3 (Tex. App.—Austin Jan. 12, 2018), (cert. denied, 139 S. Ct. 275 (2018)); *Crampton v. Comm'n for Lawyer Discipline*, 545 S.W.3d 593, 606 (Tex. App.—El Paso 2016) (cert. denied 138 S. Ct. 2661 (2018); reh'g denied 139 S. Ct. 46 (2018)); *McInnis v. State*, 618 S.W.2d 389, 397 (Tex. Civ. App.—Beaumont 1981, writ ref'd n.r.e.) (cert. denied 456 U.S. 976 (1982)).

23. Likewise, in Texas, litigants have been raising—and courts have been rejecting—the same argument urged by Medlin for decades. In addition to the *Tirrez*, *Crampton*, and *McInnis* cases noted above, Texas courts have consistently rejected the very arguments offered by Medlin here.[6]

24. In addition, circuit courts of appeal have held that due process does not prohibit a preponderance standard in lawyer discipline proceedings. Though the federal courts apply a clear and convincing standard, reciprocal discipline cases arise where the federal courts are presented with disciplinary judgments from state courts that employed a preponderance standard. *See, e.g.*, *In re Benjamin*, 698 A.2d 434, 439-40 (D.C. 1997); *In re Barach*, 540 F.3d 82, 84-86 (1st Cir. 2008). Attorneys have argued that the federal courts should not accept the reciprocal discipline because it violated due process. *Id*. Both the First Circuit and the DC Circuit have held that it does not—specifically holding that due process does not require a clear and convincing standard, even though the federal courts have adopted it. *Id*. The DC Circuit articulated its rationale for this holding: "[The] rationale for adopting the lower standard of proof in disciplinary proceedings is that a clear and convincing standard is required only in cases involving "the denial of personal or

---

[6] *See Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 230 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Hamlett v. Comm'n for Lawyer Discipline*, 538 S.W.3d 179, 181 (Tex. App.—Amarillo 2017, no pet.); *Reyes-Vidal v. Comm'n for Lawyer Discipline*, 2010 WL 4340678, at *2 (Tex. App.—San Antonio Nov. 3, 2010, pet. denied). Texas courts have likewise consistently rejected the proposition that attorney discipline proceedings can be characterized as quasi-criminal. *See, e.g., Houtchens v. Mercer*, 27 S.W.2d 795 (Tex. 1930) (describing the law as "settled" with regard to the civil nature of Texas disciplinary proceedings because the Texas Supreme Court had already overruled its own prior decision that disbarment proceedings were criminal or quasi-criminal); *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 343-44 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that the exclusionary rule does not apply in Texas disciplinary proceedings because they are not criminal or quasi-criminal in nature); *Favaloro v. Comm'n for Lawyer Discipline*, 994 S.W.2d 815, 822 (Tex. App.—Dallas 1999, pet. struck) (rejecting the argument that Texas disciplinary proceedings are quasi-criminal); *Drake v. State*, 488 S.W.2d 534, 536 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.) (rejecting the argument that Texas disciplinary proceedings, while governed by Rules of Civil Procedure, are quasi-criminal pursuant to *Ruffalo* and rejecting the argument that a preponderance-of-evidence burden of proof is improper).

liberty rights." *Benjamin*, 698 A.2d at 439 (citing *In re Capoccia,* 59 N.Y.2d 549, 453 N.E.2d 497, 466 N.Y.S.2d 268 (1983)). "However, the privilege of practicing law, once extended, is not a liberty interest or a personal right, but at most is a property right as to which the higher standard of proof has not been required." *Id.* As similarly noted by the First Circuit, "the Due Process Clause is flexible, and reasonable minds can differ as to the need for elevated levels of proof in particular situations. Viewed in this light, the use of a preponderance of the evidence standard in bar disciplinary proceedings does not offend due process." *Barach*, 540 F.3d at 85. *See also*, *In re Barrett*, 966 A.2d 862, 863 (D.C. 2009); *In re Chaganti*, 144 A.3d 20, 25 (D.C. 2016) (both affirming that due process does not require a clear and convincing standard in attorney discipline); *The Florida Bar v. Mogil*, 763 So. 2d 303, 309 (Fla. 2000) (accepting reciprocal discipline from other state even if under a lower standard of proof). This is also notable with regard to Medlin's argument that because other states or the federal disciplinary system assign the "clear and convincing" standard, this must be because due process requires it. It does not.

25. At bottom, the determination of which standard should apply is policy determination made by the individual states. A preponderance standard distributes the risk of an incorrect determination equally between the attorney and the public. *Disciplinary Matter Involving Walton*, 676 P.2d 1078, 1085 (Alaska 1983). As stated by the Supreme Court of Tennessee,

> "We are mindful that attorneys are entitled to procedural due process and have an interest in avoiding suspension of their law licenses by which they earn their livelihood. However, we are equally mindful of the rights of [the attorney's] clients and the public at large to ethical and diligent representation from lawyers licensed to practice in this state. This, too, is a weighty interest that must be protected."

*Walwyn v. Bd. of Prof'l Responsibility of the Supreme Court of Tennessee*, 481 S.W.3d 151, 170 (Tenn. 2015). Texas has reached a similar conclusion as have a "sizeable minority" of other states. *In re Charges of Judicial Misconduct*, 769 F.3d 762, 767 (D.C. Cir. 2014) (citing state laws and

9

opinions in Michigan, Utah, Arkansas, Kentucky, Maine, Massachusetts, Missouri, New York, Tennessee, and Texas). Of course, states may provide more expansive rights under their own constitutions and laws than the rights which are conferred by the United States Constitution. *PruneYard Shopping Center v. Robins*, 447 U.S. 74, 80-81 (1980).

26. Medlin's chief argument relies on a tortured reading of *Ruffalo v. Mahoning County Bar Ass'n*, 379 U.S. 931 (1964). In *Ruffalo*, the Supreme Court addressed the due process concern attendant to a disciplinary proceeding involving disbarment. The respondent attorney was not given full notice of the claims against him prior to the hearing as the disciplinary charges were amended in the middle of the hearing. *Id.* at 546. In reversing, the Court noted that disbarment proceedings are "adversary proceedings of a quasi-criminal nature," and the respondent attorney is entitled to notice prior to the hearing of the charges against him. *Nowhere* within *Ruffalo* did the Court hold, or in any way address the standard of proof that must be applied to such hearings. *Id.* at 550-51.

27. Contrary to Medlin's argument, though the Fifth Circuit has applied the clear and convincing standard applicable in federal disciplinary proceedings, it has not examined the question of whether a preponderance standard violates due process. In *In re Medrano,* 956 F.2d 101 (5th Cir. 1992), the Fifth Circuit held that a federal district court had applied the wrong standard in a disbarment proceeding. *Id.* at 102. The decision does not implicate constitutional principles but, rather, hinges on the fact that disciplinary proceedings in federal courts in the Fifth Circuit require findings based on clear and convincing evidence—a standard that the district court did not apply. *See id.* at 102. The opinion rests on the fact that established standards were not

10

followed, not whether a preponderance standard would violate due process.[7] The *Barach* court correctly noted this when it rejected an argument similar to what Medlin offers here. *Barach*, 540 F.3d at 86.

28. In sum, Medlin's claim is subject to dismissal under Rule 12(b)(6) because it rests on a legal position that has consistently been rejected by Texas Courts, and which the United States Supreme Court has repeatedly declined to hold. Due process does not require attorney discipline cases to proceed under a clear and convincing standard, and Medlin's claim should be dismissed.

**D.     Medlin does not meet the requisites for injunctive relief.**

29. Medlin has not shown that he meets the requisites for preliminary or permanent injunction. Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (citation and internal quotations omitted). "In exercising their equitable powers federal courts must recognize "[t]he special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law." *City of Los Angeles v. Lyons*, 461 U.S. 95, 112 (1983). To support the "extraordinary equitable remedy" of a preliminary injunction, the plaintiff must establish four elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might

---

[7] Medlin also argues that the Commission took a different position regarding *Ruffalo* in *Polk v. State Bar of Texas* before the Fifth Circuit. *Polk v. State Bar of Texas*, 480 F.2d 998, 1001 (5th Cir. 1973). Regardless of the State Bar's legal arguments to the 5th Circuit in 1973 (which were not judicial admissions because they were not assertions of fact), Polk is significant not only because it explicitly rejected the argument that Texas state disciplinary proceedings are quasi-criminal but also because the Texas Supreme Court cited that rejection with approval in *Evans v. State Bar of Tex.*, 774 S.W.2d 656 at n.1 (Tex. 1989). In addition, the point at issue in *Polk* had nothing to do with the applicable standard of proof. This argument should be disregarded.

cause the defendant; and (4) that the injunction will not disserve the public interest." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

30. Here, Medlin in manifestly unlikely to succeed on the merits by re-urging an argument that has been repeatedly and recently rejected. Likewise, Medlin cannot show he will suffer and *irreparable* injury if the disciplinary case proceeds. If Medlin received a disciplinary sanction that rest on constitutionally infirm grounds, he can appeal. If Medlin's constitutional argument prevails, the finding and any resulting sanctions will be vacated. In this way, he would suffer no injury that is not irreparable.

31. Finally, the third and fourth factor weigh heavily against an injunction. The Supreme Court of Texas and the Texas Legislature has charged the Office of the Chief Disciplinary Counsel with the enforcement professional rules designed to the protect the public and the integrity of the legal profession. An injunction here would not only suspend the prosecution of this case, but could potentially affect all other pending disciplinary pending the resolution of this issue. Such would impair the important function of regulation of the legal profession.

## CONCLUSION

32. This case should be dismissed in its entirety pursuant to Fed.R.Civ.P. Rule 12(b)(1) or, alternatively, under Fed.R.Civ.P. Rule 12(b)(6) because the Court is without jurisdiction and the Court should abstain.

Submitted respectfully,

/s/ Matthew Greer

_____

Matthew Greer
Appellate Counsel
S.D. Tex. No. 1171775
State Bar No. 24069825
Office of the Chief Disciplinary Counsel

STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711-2487
Telephone: (512) 427-1350
Facsimile: (512) 427-4167
Email: mgreer@texasbar.com


/s/ Vanessa G. Windham
_____

Vanessa G. Windham
Assistant Disciplinary Counsel
S.D. Tex. No. 3219055
State Bar No. 24050651
Office of the Chief Disciplinary Counsel
STATE BAR OF TEXAS
4801 Woodway Drive, Suite 315-W
Houston, Texas 77056
Telephone: (713) 758-8200
Facsimile: (713) 758-8292
Email: vwindham@texasbar.com

ATTORNEYS FOR DEFENDANTS


CERTIFICATE OF SERVICE

I certify that on December 14, 2018, a true and correct copy of *Defendants State Bar of Texas, Commission for Lawyer Discipline, and Linda A. Acevedo's Motion to Dismiss* was forwarded to counsel for all parties.


/s/ Vanessa G. Windham
_____
VANESSA G. WINDHAM