IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES WILLIAM MEDLIN § 
 § 
VS. § NO. 4:18-cv-04360
 § 
STATE BAR OF TEXAS, § 
COMMISSION FOR LAWYER § 
DISCIPLINE and § 
LINDA A. ACEVEDO § 

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS (ECF-20)**

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary Of Response: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Objection To Motion: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Eleventh Amendment: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      Authority Not Dispositive: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conclusion and Prayer: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

Page

**CASES**

*Colorado Coal & Iron Co. v. United States*, 123 U.S. 307 (1887)...... 13, 15

*Cory v. White*, 457 U.S. 85 (1982) ................................... 7

*Dent v. State of W. Va.,* 129 U.S. 114 (1889) ........................... 15

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)
.................................................................. 6, 8, 9

*Ex parte Young*, 209 U.S. 123 (1908) ................................. 6

*Liedtke v. State Bar of Texas*, 18 F.3d 315 (5ᵀᴴ Cir. 1994)............... 8

*Mooney v. Holohan*, 294 U.S. 103 (1935). .......................... 13, 15

*Morris v. Robinson*, 710 Fed. App'x. 238 (5ᵀᴴ Cir. 2018)................. 8

*Musslewhite v. State Bar of Texas*, 32 F.3d 942 (5ᵀᴴ Cir. 1994) ......... 9

*Polk v. State Bar of Texas,* 480 F.2d 998 (5ᵀᴴ Cir. 1973) ............... 11

*Tirrez v. Comm'n For Lawyer Discipline*, Docket No. 03–16–00318–CV, 2018 WL 454723 (Tex. App. Austin 2018) (Memorandum opinion, not designated for publication). ................................................... 4, 12

*Wightman v. Texas Supreme Court*, 84 F.3d 188 (5ᵀᴴ Cir. 1996)......... 8

*Younger v. Harris*, 401 U.S. 37 (1971)................................ 7


**STATUTES**

42 U.S.C. § 1983 ................................................. 15, 16

Rules of Disciplinary Procedure, Title 2, Subt. G, App. A-1, Rule 3.08A and C . . 8

**CONSTITUTIONS**

Amendment XIV, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

Amendment XI, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Article VI, U.S. Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13, 14

**SUMMARY OF RESPONSE:**

1. This case is ripe and presents a justiciable controversy. Dismissal is not warranted.

2. No damages are sought from the Defendants—only declaratory and injunctive relief; and no review of a final judgment is sought. The 11TH Amendment does not, therefore, bar this suit.

3. Courtesy of ***Tirrez***,[1] it affirmatively appears that expecting the appellate courts of Texas to recognize that the proceedings against Plaintiff are quasi-criminal and that the burden of proof is clear-and-convincing is about as reasonable as expecting the moon to be made of green cheese.

4. Plaintiff is not seeking to stop Defendants from bringing a disciplinary action against him. Nor is he seeking to review a final judgment against him. Instead he is seeking to enjoin them from characterizing it as civil (instead of quasi-criminal) with only a preponderance (instead of clear-and-convincing) burden of proof, thereby depriving him of Due Process and the equal protection of the laws.

**OBJECTION TO MOTION:**

5. In ¶ 6 of their Motion, Defendants assert as a "Fact" that: "On November 19, 2018, Medlin filed this lawsuit seeking injunctive relief prohibiting defendants from "filing" or "prosecuting" the disciplinary action against him under Rules 3.08A

---

[1] *Tirrez v. Comm'n For Lawyer Discipline*, Docket No. 03–16–00318–CV, 2018 WL 454723 at *3 (Tex. App. Austin 2018) (Memorandum opinion, not designated for publication).

and 3.08C."

6.  Plaintiff' actually pled as follows in ¶ 24 of ECF-1: Pursuant to the provisions of 42 U.S.C. § 1983, Plaintiff sues the Defendants for a temporary injunction to enjoin them from going forward with filing or the prosecution of a disbarment suit against Plaintiff, *unless and until the Defendants shall agree that the proceedings are quasi-criminal and that the burden of proof is clear-and-convincing*.  Plaintiff requests that, upon final trial, the Defendants be permanently prohibited from filing or prosecuting a disbarment suit against Plaintiff, *unless and until the Defendants shall agree that the proceedings are quasi-criminal and that the burden of proof is clear-and-convincing*.  Alternatively, Plaintiff requests the Court to issue a mandatory injunction requiring the Defendants to proceed on their disbarment suit against Plaintiff only as a quasi-criminal matter, one with a clear-and-convincing burden of proof. [Emphasis supplied]

7.  By deliberately omitting the qualifier, *unless and until the Defendants shall agree that the proceedings are quasi-criminal and that the burden of proof is clear-and-convincing*, Defendants have intentionally mischaracterized the relief sought by Plaintiff.  This Court should not permit or tolerate such conduct.

8.  And, Plaintiff has no objection to defending a quasi-criminal disciplinary action against him, one with a clear-and-convincing burden of proof upon the Defendants.  In fact, as soon as the proceeding is characterized as quasi-criminal and requiring proof by clear-and-convincing evidence, Plaintiff says, "Bring

6

it on, big boys! Let's rumble!"

**ELEVENTH AMENDMENT:**

9. The Eleventh Amendment bars damage relief against the States, but it does not prohibit "certain suits seeking declaratory and injunctive relief against state officers."[2]

10. The federal courts do have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state-court judgment in a particular case.[3] As noted by the Supreme Court:

> "Challenges to the constitutionality of state bar rules, therefore, do not necessarily require a United States District Court to review a final state court judgment in a judicial proceeding. Instead, the District Court may simply be asked to assess the validity of a rule promulgated in a non-judicial proceeding. If this is the case, the District Court is not reviewing a state court judicial decision. In this regard, 28 U.S.C. § 1257 does not act as a bar to the District Court's consideration of the case and because the proceedings giving rise to the rule are non-judicial the policies prohibiting United States District Court review of final state court judgments are not implicated. United States District Courts, therefore, have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment in a particular case."[4]

11. Further, the very case that the Defendants cite to for the proposition

---

[2] *Ex parte Young*, 209 U.S. 123, 159–60 (1908).

[3] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

[4] *Id.*

7

that the Eleventh Amendment bars this suit, actually supports the ability of this Court to enjoin the Defendants and issue declaratory relief.[5]  What the Supreme Court held was:

> "Neither did *Edelman* deal with a suit naming a state officer as defendant, but not alleging a violation of either federal or state law. Thus, there was no occasion in the opinion to cite or discuss the unanimous opinion in *Worcester* that the Eleventh Amendment bars suits against state officers unless they are alleged to be acting contrary to federal law or against the authority of state law. *Edelman* did not hold that suits against state officers who are not alleged to be acting against federal or state law are permissible under the Eleventh Amendment if only prospective relief is sought. Whether or not that would be the preferable rule, *Edelman v. Jordan* did not adopt it."[6]

12. Plaintiff is not asking this Court to review a final judgment. Plaintiff does allege that the Defendants are acting against federal law (14TH Amendment) by depriving him of Due Process and Equal Protection. The Eleventh Amendment does not bar this suit.

### AUTHORITY NOT DISPOSITIVE:

13. The Defendants cite a number of cases for the supposed proposition that this Court may not enjoin the disciplinary proceedings without violating the *Younger* abstention doctrine.[7]  Apparently the Defendants missed the fact that Younger had been indicted for a violation of the California Penal Code and sought

---

[5] *See*, *Cory v. White*, 457 U.S. 85, 91 (1982).

[6] *Id.*

[7] *Younger v. Harris*, 401 U.S. 37 (1971).

to enjoin his criminal prosecution. And Plaintiff has not been indicted, or even charged by Information, for any crime. According to their Rules, he only faces a disciplinary action that is civil in nature[8] – one that supposedly does not even stand to punish the Plaintiff should he be disbarred or otherwise disciplined. Defendants should not be allowed to have it both ways.

14. None of the other cases cited by Defendants are dispositive of the issue before the Court as to whether this case should be dismissed.

15. The first case the Defendants cite is *Wightman v. Texas Supreme Court*, 84 F.3d 188 (5TH Cir. 1996). Wightman involved an attorney who claimed that his First Amendment rights were being violated by a disciplinary suit that alleged violations of the Texas Disciplinary Rules of Professional Conduct, specifically Rule 8.02(a). Wightman did not claim that Rules 3.08A and C were unconstitutional. That has nothing to do with this case and is not even instructive.

16. The second case Defendants cite is *Morris v. Robinson*, 710 Fed. App'x. 238, 240 (5TH Cir. 2018). Morris challenged the use of separate magistrate judges to review separate motions in his case. That has nothing to do with this case.

17. The third case Defendants cite is *Liedtke v. State Bar of Texas*, 18 F.3d 315 (5TH Cir. 1994). Liedtke sought to challenge a final judgment that could have been appealed but wasn't (properly). That has nothing to do with this case and falls squarely within the prohibition of *Feldman*, that this Court may not review a

---

8     Rules of Disciplinary Procedure, Title 2, Subt. G, App. A-1, Rule 3.08A and C.

final judgment.[9]

18. The fourth case Defendants cite is [*Musslewhite v. State Bar of Texas*, 32 F.3d 942, 945 (5ᵀᴴ Cir. 1994)](#) (cert. denied, 515 U.S. 1103 (1995)). Musselwhite's federal suit followed a final judgment in state court; and, to the extent it challenged some of the State Bar's rules as unconstitutional, he did not challenge whether disciplinary proceedings are civil or quasi-criminal, or what the burden of proof should be. In short, Musselwhite has nothing to do with this case.

19. Defendants argue, without any cite to authority, "The state district court, the First or the Fourteenth Court of Appeals, and the Texas Supreme Court are competent bodies for analyzing Medlin's constitutional challenges." (ECF-20, ¶ 19) Recognizing that words have meanings, Plaintiff's counsel wonders whether the Defendants meant to imply that those bodies are adequate but not exceptional;[10] or whether they meant to imply that those bodies have legal competence, as by meeting certain minimum requirements of age, soundness of mind, or the like;[11] or whether they meant to imply that those bodies have suitable or sufficient skill, knowledge, experience, etc., for some purpose; properly qualified.[12] Or did they mean to say that these courts are courts of competent jurisdiction, having the power and authority to

---

[9] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).

[10] Source: Random House Unabridged Dictionary, © Random House, Inc. 2018.

[11] Source: Random House Unabridged Dictionary, © Random House, Inc. 2018.

[12] Source: Random House Unabridged Dictionary, © Random House, Inc. 2018.

do a particular act; one recognized by law as possessing the right to adjudicate a controversy?[13] One is left to wonder.

20. Defendants also do not refer to the argument that they advanced in the trial court and in the Third Court of Appeals, that—

> "Tirrez's position reflects a flawed analysis of the *Ruffalo* decision. In *Ruffalo*, the U.S. Supreme Court addressed an attorney's *federal* disbarment by the U.S. Court of Appeals for the Sixth Circuit. *In re Ruffalo*, 390 U.S. 544 (1968)."[14]

And that—

> "Nothing in the *Ruffalo* decision indicates that the Court's characterization of federal disbarment proceedings as "quasi-criminal" was determinative of the notice question."[15]

And that—

> "Statements regarding the quasi-criminal nature of disciplinary proceedings were limited to federal disciplinary proceedings and were merely dicta."[16]

21. Contrary to what the Defendants espoused in ***Tirrez***, ***Ruffalo's***

---

[13] Source: Black's Law Dictionary (10th ed. 2014).

[14] Appellees' Brief, at page 23, in *Tirrez v. Comm'n for Lawyer Discipline,* Docket No. 03-16-00318-CV, found at:
http://www.search.txcourts.gov/Case.aspx?cn=03-16-00318-CV&coa=coa03

[15] Appellees' Brief, at page 24, in *Tirrez v. Comm'n for Lawyer Discipline,* Docket No. 03-16-00318-CV, found at:
http://www.search.txcourts.gov/Case.aspx?cn=03-16-00318-CV&coa=coa03

[16] Appellees' Brief, at page 25, in *Tirrez v. Comm'n for Lawyer Discipline,* Docket No. 03-16-00318-CV, found at:
http://www.search.txcourts.gov/Case.aspx?cn=03-16-00318-CV&coa=coa03

11

characterization of disbarment proceedings, as quasi-criminal, was referring to the Ohio state court proceedings, the proceedings in which Ruffalo's (14TH Amendment) Due Process rights were violated by allowing a mid-trial amendment to bring in new charges after Ruffalo had testified. By implication, Ruffalo's disbarment in the Sixth Circuit would also be a quasi-criminal proceeding. And, if disbarment proceedings in federal court are quasi-criminal, then there is no reason for disbarment proceedings in state court to be anything less.

22. Defendant's argument (that the appellate courts and Supreme Court of Texas are competent) is advanced right before the Defendants refer the Court to state court cases that hold against the position that Plaintiff advances herein. All without mentioning the contrary position that these Defendants took in the Eastern District of Texas and in the Fifth Circuit, that disciplinary proceedings are quasi-criminal.[17]

23. Why, no less an intellect than Albert Einstein is credited as having said, "Insanity is doing the same thing over and over again, and expecting different results."[18] Plaintiff's counsel has twice tried to advance these arguments in state

---

[17] ***Polk v. State Bar of Texas,*** 480 F.2d 998, 1001 (5TH Cir. 1973).

[18] Source: https://www.google.com/imgres?imgurl=http://fcpaprofessor.com/wp-content/uploads/2016/04/insanity.jpg&imgrefurl=http://fcpaprofessor.com/fcpainsanity/&h=155&w=240&tbnid=-4kx1VH4z85VaM:&q=doing+the+same+thing+expecting+a+different+result&tbnh=152&tbnw=235&usg=AI4_-kT2h21HN-Qc3kY3SZ8qreognH-J2Q&vet=12ahUKEwis59OUvqTfAhVQZKwKHTEMAjgQ9QEwAHoECAcQBg..i&docid=Vn3t0EC1qUNTWM&sa=X&ved=2ahUKEwis59OUvqTfAhVQZKwKHTEMAjgQ9QEwAHoECAcQBg (Last accessed December 16, 2018).

court,[19] and has twice gone down in flames. Indeed, Plaintiff's counsel laid this very issue out in the Petition for Review that he filed in Tirrez.[20] Both the Petition For Review and the Motion for Rehearing were denied.

24. Because of this, Plaintiff's counsel is loathe ignore Einstein's wisdom, lest he be accused of being insane. Hence Plaintiff's complaint in this forum, that Defendants are violating Plaintiff's Due Process and Equal Protection rights by bringing a disciplinary action against him, alleging fraud as a ground to disbar, in an action that is characterized as civil, with only a preponderance burden of proof.

**CONCLUSION AND PRAYER:**

25. Article VI of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land; … any Thing in the Constitution or Laws of any state to the Contrary notwithstanding."[21] The fundamental principle of supremacy of law requires that all public officials obey the mandates of the

---

[19] *Tirrez v. Comm'n For Lawyer Discipline*, Docket No. 03–16–00318–CV, 2018 WL 454723 at *3 (Tex. App. Austin 2018) (Memorandum opinion, not designated for publication); and *Scally v. Texas St. Bd. of Medical Examiners*, 351 S.W.3d 434 (Tex. App. Austin 2011, review denied and cert. denied, 568 U.S. 1255).

[20] Docket No. 18-0244 in the Supreme Court of Texas. See: http://www.search.txcourts.gov/Case.aspx?cn=18-0244&coa=cossup.

[21] U. S. CONST. art. VI, cl. 2.

Constitution.[22] State law that conflicts with federal law is "without effect."[23] Stated another way, "under the Supremacy Clause, "[w]here state and federal law 'directly conflict,' state law must give way.""[24]

26. Indeed, as noted by the Court of Criminal Appeals:

"When we decide cases involving the United States constitution, we are bound by United States Supreme Court case law interpreting it. If Texas case law is in conflict, we are obligated to follow United States Supreme Court federal constitutional precedents. See United States Constitution, Article VI. This Court has recognized that where one of our decisions on a federal constitutional issue directly conflicts with a United States Supreme Court holding, we are bound to overrule our decision.[25]

27. The 14TH Amendment states, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."[26] And the 14TH Amendment is binding on the State of Texas, its agencies and this Court.[27]

28. A professional license is a property interest but one subject to state

---

[22] *See* U. S. CONST. art. VI; *United States v. Lee*, 106 U.S. 196, 220 (1882) (holding that all the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it.)

[23] *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516 (1992).

[24] *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 617 (2011).

[25] *State v. Guzman*, 959 S.W.2d 631, 633 (Tex. Crim. App. 1998).

[26] U. S. CONST. Amend. XIV.

[27] *Mooney v. Holohan*, 294 U.S. 103, 113 (1935).

regulation.[28] Indeed, possession of a professional license or public employment generally constitutes "property" protected by the Fourteenth Amendment.[29] In fact, the cases make it clear that professional licenses are a very valuable property right.

29. Accordingly, Plaintiff has a constitutionally-protected property interest at stake that must be afforded procedural Due Process.[30] A property interest that Defendants are seeking to take away on an allegation of fraud (ECF-2) – an allegation of fraud that would have to be proven by evidence that is "clear, unequivocal, and convincing, and that it cannot be done upon a bare preponderance of evidence"[31] were it any other type of case; but which, by fiat of the Texas Supreme Court need only be proven by a preponderance.[32]

30. "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits."[33] "[T]he right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was

---

[28] *Dent v. State of W. Va.*, 129 U.S. 114, 121–22 (1889).

[29] *Perry v. Sidermann*, 408 U.S. 593 (1972); *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239 (1957).

[30] *See, e.g., Scally v. Texas State Bd. of Medical Examiners*, 351 S.W.3d 434, 446–47 (Tex. App.— Austin 2011, pet. denied).

[31] *See, e.g., Colorado Coal & Iron Co. v. United States*, 123 U.S. 307, 316 (1887).

[32] This alone effects a denial of Equal Protection.

[33] *Board of Regents v. Roth*, 408 U.S. 564, 576 (1972).

the purpose of the [Fourteenth] Amendment to secure."[34]

31. Against this legal backdrop, the Supreme Court of the United States decided ***In re Ruffalo*, 390 U.S. 544 (1968)**[35] on, *inter alia*, Due Process grounds. Since the original disbarment proceedings occurred in Ohio state court and since the proceedings in Federal Court relied solely upon the record from the State Court, that Due Process would presumptively be 14TH Amendment Due Process grounds. And the 14TH Amendment is binding on the State of Texas, its agencies and its Courts.[36]

32. The United States Supreme Court is the final arbiter of constitutional guarantees.[37] And, in that role, it has held that fraud must be proven by proven by evidence that is "clear, unequivocal, and convincing, and that it cannot be done upon a bare preponderance of evidence;"[38] and that Due Process requires that disbarment proceedings be characterized as quasi-criminal.[39] Only the Supreme Court may overrule one of its precedents.[40] Until that occurs, ***Ruffalo*** and ***Colorado Coal*** are

---

[34] *Truax v. Raich*, 239 U.S. 33, 41 (1915).

[35] Ruffalo was disbarred in state court. The proceedings in Federal Court rested solely upon the Ohio court's record and findings. *Ruffalo*, 390 U.S. at 549.

[36] *Mooney v. Holohan*, 294 U.S. 103, 113 (1935).

[37] *See, e.g.*, "recognition of the role of state courts as the final expositors of state law implies no disregard for the primacy of the federal judiciary in deciding questions of federal law." *Harman v. Forssenius*, 380 U.S. 528, 535 (1965).

[38] *See, e.g., Colorado Coal & Iron Co. v. United States*, 123 U.S. 307, 316 (1887).

[39] *Ruffalo*, 390 U.S. at 550.

[40] *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983).

the law.

33. Because the Defendants (and the state courts) refuse to recognize *Ruffalo*, and its holding that disbarment (in whatever court) is a punishment or penalty imposed on the lawyer and that the proceedings are of a quasi-criminal nature, this case presents a justiciable issue, one that is ripe for determination.

34. This Court should deny the motion to dismiss and issue a permanent injunction as sought by Plaintiff. This Court should grant Plaintiff general relief.

Respectfully submitted,

/s/ Leonard Thomas Bradt
Leonard Thomas Bradt S.D.#4272
S.B.O.T. #02841600
14090 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

Attorney for Plaintiff,
Charles William Medlin

### CERTIFICATE OF SERVICE

I, the undersigned attorney, certify that a true and correct copy of the foregoing was served, via ECF, on December 21, 2018, on the following parties and their attorneys as follows:

Linda Acevedo – Matthew J. Greer

State Bar of Texas – Vanessa G. Windham

Commission for Lawyer Discipline – Vanessa G. Windham

/s/ L.T. "Butch" Bradt
L.T. Bradt