United States District Court
Southern District of Texas
**ENTERED**
June 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Charles William Medlin, | § | |
| Plaintiff, | § § § | |
| versus | § § | Civil Action H-18-4360 |
| State Bar of Texas, *et al.*, | § § | |
| Defendants. | § § | |

## Opinion on Dismissal

1. *Introduction.*

　　Charles William Medlin is a Texas attorney. The State Bar of Texas told Medlin that he may have violated the rules for lawyers and that the Bar intended to hear the complaints. Medlin has sued to stop the state court applying a preponderance of the evidence standard in a disciplinary action against him; instead, he wants it to be compelled to use a clear and convincing standard.

　　Medlin will lose.

2. *Background.*

　　The State Bar told Medlin that it was investigating him because a grievance had been filed against him for siphoning funds from his brother's social security account to himself. The penalties range from a public reprimand to disbarment. After the investigation, the State Bar concluded that he violated the rules. It informed him of his right to have his case heard before either a state district court or the state's grievance committee. Medlin chose the district court.

　　Medlin sued, asking this court to hold that the Texas standard – used in all of its attorney disciplinary proceedings – is unconstitutional. He insists that the Constitution requires a clear and convincing standard.

3.  *Federalism.*

Medlin's position has been argued many times, in many states, and has not been accepted. Here, too, it is not persuasive.

Medlin relies on one case. In it, John Ruffalo was suspended indefinitely from practicing law.[1] Ohio's disciplinary committee charged him with twelve counts of misconduct. It heard the case. One witness testified, and a thirteenth charge was added. The Bar found Ruffalo guilty of seven of the charges, but the Supreme Court of Ohio only found sufficient evidence for two – one was the thirteenth charge. Ohio's circuit disbarred Ruffalo based only on the thirteenth charge. The United States Supreme Court held that the disbarment was invalid because Ruffalo did not have reasonable notice of the charge added during the disbarment proceedings. This is a sound decision but not the problem here.

Medlin asserts that disbarment proceedings are quasi-criminal, making the use of the preponderance of the evidence standard offensive under the United States Constitution. When one says that something is quasi-criminal, it is saying that it is not fully criminal.

The Supreme Court has once described disbarment proceedings as "adversary proceedings of a quasi-criminal nature," requiring the misconduct charges to have been known well before the hearing began.[2] The proceeding being quasi-criminal had to do with his having fair notice – an essential part of the process that is due in civil as well as criminal adjudicative bodies.

Medlin knows the charges that have been articulated against him. He knows the range of penalties that the State Bar may seek, but not the precise one that the Bar will seek. He does not know which judge will hear his case.

Medlin asserts that he cannot raise the constitutional question in state court because his lawyer has recently made the same argument and lost. His remedy for that decision would have been an appeal within the Texas courts then

---

[1] *In re Ruffalo*, 390 U.S. 544 (1968).

[2] *Id.* at 551.

ultimately an application for a writ to the U.S. Supreme Court. Medlin knows the law and does not think that the law – when applied to his facts – will favor him. Nothing prevents Medlin from arguing this in state court, he just does not think that he will win. The Texas state courts are more than competent to decide the constitutional arguments Medlin has raised here. This court may not give an advisory opinion.

4.  *Conclusion.*

Charles Medlin asks this court to require the State of Texas to use a clear and convincing evidentiary standard in disbarment proceedings. The State of Texas may structure the licensing of lawyers as it pleases as long as they do not contravene the Constitution. The state is free to determine the amount of protection, if any, its citizens need from a particular lawyer under the declared grounds.

Medlin sought a peremptory strike by seeking an advisory opinion in the wrong court.

Medlin's claims will be dismissed.

Signed on June 25, 2020, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge